**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| RODNEY TERRANCE MURRAY, #311818, | ) ) ) |
| Petitioner, | ) ) ) |
| vs. | ) ) |
| Leroy Cartledge, *Warden of McCormick Correctional Institution*,[1] | ) ) ) ) |
| Respondent. | ) ) ) |

No. 8:12-cv-01940-DCN

**ORDER AND OPINION**

This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R"). The magistrate judge recommends that the court deny Rodney Terrance Murray's petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below, the court adopts the R&R, denies the petition, and grants respondent Warden Leroy Cartledge's motion for summary judgment.

**I. BACKGROUND**

On August 19, 2004, Murray was indicted in Spartanburg County on charges of first degree criminal sexual conduct and kidnapping. Murray's trial began on October 10, 2005. At trial, he was represented by attorney Andrew Johnston. A jury found Murray guilty on both charges on October 12, 2005. Murray was sentenced to thirty years' imprisonment for each conviction, with the sentences to run concurrently.

---

[1] Murray originally brought the instant habeas petition against the State of South Carolina. Under federal law, the warden of the facility in which the prisoner is held is the proper respondent in a habeas corpus action. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Murray is incarcerated at McCormick Correctional Institution. As a result, the State of South Carolina was terminated – and the warden of McCormick Correctional Institution was added – as respondent in this case. Proper Form Order, July 17, 2012, ECF No. 8. Leroy Cartledge, that facility's warden, should be substituted as the respondent in this petition.

### A. Direct Appeal

Murray timely filed a direct appeal. In an <u>Anders</u>[2] brief filed on March 20, 2007, Murray's appellate counsel, Eleanor Duffy Cleary, raised the following claim: "Whether the trial judge erred in refusing to excuse a juror for cause who was the second cousin of the state's main witness against appellant?" ECF No. 23-5 at 4. Cleary simultaneously filed a petition to be relieved as counsel. On May 3, 2007, Murray filed a <u>pro se</u> appellate brief, raising several additional issues not raised by Cleary. On September 11, 2008, the South Carolina Court of Appeals dismissed Murray's appeal and granted Cleary's motion to withdraw.

### B. First PCR Application

On April 3, 2009, Murray filed a <u>pro se</u> application for post-conviction relief ("PCR") alleging ineffective assistance of trial counsel, prosecutorial misconduct, and error by the trial court. Attorney Shawn M. Campbell represented Murray at a PCR hearing held before South Carolina Court of Common Pleas Judge William H. Seals, Jr. on November 2, 2009. On December 31, 2009, the PCR court denied Murray's application and dismissed it with prejudice.

A notice of appeal was timely filed. On January 27, 2011, Murray, through attorney Kathrine H. Hudgins of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari in the South Carolina Supreme Court. Murray's petition sought review on a single issue:

> Did the PCR judge err in refusing to find counsel ineffective for failing to object to expert witness testimony that was outside the time and place

---

[2] Under <u>Anders v. California</u>, 386 U.S. 739 (1967), a court-appointed attorney who moves to withdraw from the appeal of a criminal case on the grounds that the appeal is frivolous must also file a brief that outlines the case and any potential grounds for appeal.

> limitations of Rule 801(d)(1) and constituted inadmissible corroborative hearsay that improperly bolstered the testimony of the complaining witness in a criminal sexual conduct trial.

Resp't's Mem. in Support of Mot. for Summ. J. Ex. 10 at 3.

The South Carolina Supreme Court denied the petition for writ of certiorari on March 21, 2012.

Murray, still represented by Hudgins, filed a petition for rehearing on April 5, 2012. On May 14, 2012, the South Carolina Supreme Court denied the petition for rehearing.

### C. Second PCR Application

On March 22, 2010 – after the PCR court denied Murray's first PCR application but before Murray had fully appealed that denial – Murray, acting pro se, filed a second PCR application. Murray stated the following as his grounds for relief: "(a) No rape was Committed; (b) No Kidnapping; (c) In[e]ffective Assistance of Counsel." Resp't's Mem. Ex. 16 at 3. Murray also complained that "PCR Counsel failed to perfect Appeal that was not knowingly and intelligently waived before the PCR Court on the record 409 SE 2d 395 Austin vs. State." Id. at 5.

On November 5, 2010, the PCR court entered a conditional order of dismissal, finding Petitioner's second PCR application was: (1) successive to the first application; and (2) moot because an appeal of the first application was pending before the South Carolina Supreme Court. Murray was allowed twenty days to show why the conditional order should not become final. Receiving no response from Murray, on April 21, 2011, the PCR court dismissed Murray's second PCR application as successive and moot.

### D.  Federal Habeas Petition

On July 6, 2012, Murray filed his present habeas petition.  He asserted three grounds for relief:

**Ground One:**  Due Process Violation.  PCR Counsel denied me the chance to properly exhaust my available state remedies to the fullest by not filing a 59 (E) motion and by filing an appeal which hindered me from filing a pro se 59 (E) motion.

**Ground Two:**  In[e]ffective Assistance of Counsel.  Appellant Counsel denied me the chance to exhaust my issues that was reserved on PCR for the Supreme Court to review.  There were eleven issues presented during my PCR hearing.  I submitted some of these issues to appellant attorney Katherine Hudgins, Attorney Generals Office, Clerk of Court & Supreme Court of South Carolina in the form of "Prosé Brief To Writ Of Certiorari."

**Ground Three:**  Expert Witness Testimony.  Defense was consent all the way.  The expert testimony said the alleged victim was sexually assaulted.

2254 Pet. 5-8.

On October 15, 2012, respondent moved for summary judgment.  Murray filed a response in opposition on November 15, 2012.  On March 26, 2013, the magistrate judge issued the R&R.  The magistrate judge determined that Grounds One and Two were not cognizable federal habeas claims and that Ground Three was meritless.  Ultimately, the magistrate judge recommended that the court deny Murray's petition and grant respondent's motion for summary judgment.  Both parties have filed objections to the R&R and the matter is ripe for the court's review.

## II.  STANDARD OF REVIEW

Petitioner appears pro se in this case.  Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow for the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).  Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Liberal construction, however, does not mean that the court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. 636(b)(1).  The court may adopt the portions of the R&R to which the petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and it is this court's responsibility to make a final determination.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides relief to a person in custody pursuant to the judgment of a state court if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  AEDPA imposes a one-year statute of limitations period that begins to run on the date a petitioner's conviction becomes final.  Id. § 2244(d)(1); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).  Further, the statute requires a petitioner to exhaust available remedies in state court before the federal court may consider a claim.  Id. §

2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Under South Carolina law, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim. See S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; Blakeley v. Rabon, 221 S.E.2d 767, 770 (S.C. 1976).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where a party "fails to make a showing sufficient to establish the existence of an element essential to his case," Rule 56(a) mandates entry of summary judgment against that party. Celotex v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence is viewed in the light most favorable to the non-moving party with all justifiable inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. DISCUSSION

**A. Murray's Objections to the R&R**

It is difficult for the court to ascertain the nature of Murray's objections to the R&R. The first page of Murray's brief contains only the following text:

> PETITIONER SUBMITS OBJECTIONS
> TO REPORT AND RECOMMENDATION
>
> 1. GROUNDS 1
>       DUE PROCESS VIOLATION
>
> 2. INEFFECTIVE ASSISTANCE PCR COUNSEL
>
> 3. INEFFECTIVE ASSISTANCE APPELLATE COUNSEL

6

RESPECTFULLY SUBMITTED

Pet'r's Objections 1. What follows are 112 pages comprising an almost incomprehensible assortment of snippets from Murray's trial transcript, his state court briefs, and his response to Cartledge's motion for summary judgment.

Murray's submission is not restricted to the topic at hand, that is, his objections to the R&R. However, the court gleans from Murray's submission that he believes that Grounds One and Two of his habeas petition are both cognizable and meritorious.[3] In Ground One of his habeas petition, Murray alleges that he received ineffective assistance from the attorney who represented him at his PCR hearing, and claims that this ineffective assistance also amounts to a due process violation. In Ground Two, Murray alleges that he received ineffective assistance from the attorney who represented him throughout his PCR appeal.

Federal law provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). The Supreme Court recently explained that section 2254 precludes a habeas petitioner from "relying on the ineffectiveness of his postconviction attorney[s]" "as an independent basis for overturning his conviction." Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012).

The magistrate judge rightly concluded that neither Ground One nor Ground Two of Murray's petition can be a ground for federal habeas relief. Even if Murray's attorneys had made egregious errors during his post-conviction proceedings, those errors

---

[3] Murray does not appear to object to the magistrate judge's findings regarding Ground Three of his habeas petition.

simply would not amount to free-standing claims for federal habeas relief. Murray's objections are overruled.

### B. Respondent's Objections to the R&R

Although Cartledge agrees Murray's third ground for relief lacks merit, he objects to the magistrate judge's determination that Ground Three – Murray's claim relating to expert witness testimony – was properly exhausted. Specifically, Cartledge argues that Ground Three, whether it is construed as a direct appeal issue or as an ineffective assistance of counsel claim, "was not fairly presented to the state courts" and therefore is procedurally defaulted. Resp't's Objections 2-4. Accordingly, Cartledge argues that the magistrate judge should never have considered the merits of Ground Three.

At best, Murray's explanation of his third ground for habeas relief is difficult to parse. Ground Three, entitled "Expert Witness Testimony," states the following supporting facts: "Defense was consent all the way. The expert testimony said the alleged victim was sexually assaulted." 2254 Pet. 8. Murray's petition notes that he had raised this issue in his first PCR application. 2254 Pet. 9. Elsewhere in his petition, Murray states that "the trial attorney failed to request a Motion For A Mistrial rather than object to the trial Judge committing reversible error by allowing Peggy Webb Hamrick to testify [that the victim's] post-traumatic stress disorder was caused by a criminal sexual assault by applicant." 2254 Pet. 17.

Facing an uphill battle in terms of deciphering Murray's arguments, the magistrate judge chose to liberally construe Ground Three as an ineffective assistance

claim that had not been procedurally defaulted.[4] The magistrate judge's liberal construction of Murray's habeas petition was more than a wise decision that allowed the court to consider – and reject – Ground Three on the merits; it was the course of action mandated by the Fourth Circuit and the Supreme Court.  See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) ("[T]he allegations in pro se complaints should be liberally construed.") (citing Hughes, 449 U.S. at 9-10).  For this reason, Cartledge's objection is overruled.

### IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, **DENIES** the petition for writ of habeas corpus, and **GRANTS** respondent's motion for summary judgment.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

September 25, 2013
Charleston, South Carolina

---

[4] In support of her findings, the magistrate judge explained that Murray testified at his PCR hearing that his trial attorney provided ineffective assistance by failing to challenge Ms. Hamrick's qualification as an expert witness.  The magistrate judge also noted that Murray's attorney raised a similar issue in the petition for writ of certiorari to the South Carolina Supreme Court.